UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. BANK NATIONAL
ASSOCIATION,

       Plaintiff,

    -v-

EDWARD O'HARA,

       Defendant.

24-CV-8459 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

  Defendant Edward O'Hara purports to remove this case—originally a foreclosure action filed in Connecticut state court—from the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1446(a). (*See* ECF No. 1 at 1.) Before the Court is Plaintiff U.S. Bank National Association's motion to remand the case and for attorney's fees. (ECF No. 6.) For the reasons that follow, this action is dismissed *sua sponte*, the motion to remand is denied as moot, and the motion for attorney's fees is denied.

**I. Motion for Remand**

  Plaintiff moves this Court to remand the case, arguing that O'Hara has failed to satisfy the requirements of Section 1446(a). (*See* ECF No. 8). Plaintiff is correct. Section 1446(a) provides only for removal of a "civil action from a *State* court," not another federal court. 28 U.S.C. § 1446(a) (emphasis added). Construing O'Hara's notice of removal as a motion for a transfer of venue would aid him no further, as such motions must be filed in the transferor court, rather than the transferee court. *See* 28 U.S.C. § 1404. Finally, even construing O'Hara's notice of removal as purporting to remove the case from the underlying foreclosure action pending in Superior Court of Connecticut, Judicial District of Samford at Samford, would not render removal to this Court proper, as a state court action may be removed only to "the district court of

1

the United States for the district and division within which such action is pending." 28 U.S.C. § 1404(a).[1]

Despite the styling of Plaintiff's motion, this Court cannot remand a case to another federal court. Therefore, this action is dismissed *sua sponte* without prejudice because O'Hara presents no non-frivolous basis for removal under 28 U.S.C. § 1446(a). *See Pillay v. I.N.S.*, 45 F.3d 14, 16-17 (2d Cir. 1995) (citing *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-08 (1989)) (explaining the general principle that courts have inherent authority to dismiss frivolous cases that present "no arguably meritorious issue for . . . consideration"); *Decatus v. City of New York*, No. 24-CV-2224, 2024 WL 2137857, at *1 (S.D.N.Y. May 13, 2024) ("The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous." (citing *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam)). This order shall have no effect on the maintenance of this action in any other court.[2] Accordingly, the motion to remand is denied as moot.

**II.    Attorney's Fees**

Plaintiff moves this Court to award costs and attorney's fees it incurred in opposing O'Hara's attempt to remove the action to this Court. (*See* ECF No. 6 at 17-18.) Such an award

---

[1] O'Hara's argument that exclusive jurisdiction over this action lies with the Bankruptcy Court for the Southern District of New York was correctly rejected by that court as frivolous. *In re Lehman Bros. Holdings Inc.*, No. 08-13555, 2025 WL 261959, at *7-8 (Bankr. S.D.N.Y. Jan. 21, 2025) ("This case fits neatly with the clear line of precedent in this Circuit barring relitigating the foreclosure actions in federal courts. No matter the (questionable, in this case) merits of O'Hara's claims, this Court lacks subject matter jurisdiction to hear every one of the claims he alleges because they are all, in substance, attempts to appeal the Foreclosure Judgment.").

[2] Even though the Court does not formally remand the action, 28 U.S.C. § 1446(d) shall not impede the progress of this case in any other court as of a result of the proceedings here because this case was never properly removed "from a State court," *cf.* 28 U.S.C. § 1446(a).

is permitted by 28 U.S.C. § 1447(c) where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Though O'Hara clearly lacked such a basis—as he sought removal from another federal court and in the incorrect district in plain contravention of Section 1446—courts generally decline to award costs and fees against *pro se* defendants under Section 1447(c).  *See, e.g.*, *Bleiberg v. Altvater*, No. 01-CV-11507, 2002 WL 1339097, at *2 (S.D.N.Y. June 19, 2002) ("With respect to plaintiff's request for attorney fees and costs under 28 U.S.C. § 1447(c), I decline to find any here, although perhaps only in light of the defendant's *pro se* status."); *see also Archway IP L. PLLC v. D3Holdings, LLC*, No. 19-CV-404, 2019 WL 8886224, at *1 n.1 (E.D. Va. July 1, 2019) (collecting cases).  The Court concludes that O'Hara's *pro se* status is an "unusual circumstance[] [that] warrant[s] a departure" from the objective reasonableness test for awarding fees under Section 1447(c).  *See Martin*, 546 U.S. at 141.  Accordingly, the motion for attorney's fees and costs is denied.  However, O'Hara is cautioned that should he continue to make frivolous arguments in this Court "in bad faith, vexatiously, wantonly, or for oppressive reasons," he may be subject to sanctions pursuant to this Court's inherent authority.  *See Weiss v. Yotta Techs.*, No. 22-CV-8569, 2024 WL 4285849, at *4-5 (S.D.N.Y. Sept. 25, 2024).

### III.    Conclusion

For the foregoing reasons, this action is DISMISSED.  Plaintiff's motion for remand is DENIED AS MOOT.  Plaintiff's motion for attorney's fees and costs is DENIED.  All remaining motions in the case are DENIED AS MOOT.

Because this case was never properly removed to this Court, the notice of removal filed with this Court shall have no effect, by virtue of 28 U.S.C. § 1446(d), on any other proceeding.

The Clerk of Court is directed to terminate the motions at ECF Nos. 6, 9, 12, and 15 and to close the case.

SO ORDERED.

Dated: January 31, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge