UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL
ASSOCIATION,
       Plaintiff,       24-CV-8459 (JPO)

   -v-            ORDER

EDWARD O'HARA,
       Defendant.

J. PAUL OETKEN, District Judge:

  Plaintiff Edward O'Hara, proceeding *pro se*, moves for reconsideration of—styling his motion as a "motion to reargue"—the Court's February 12, 2025 Order dismissing his case for failure to comply with the procedural requirements of the federal removal statue, 28 U.S.C. § 1446(a). (*See* ECF Nos. 18, 19.)

  "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted). To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013); *see also Cioce v. County of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

  Much like his earlier filings, O'Hara's present motion is frivolous and does not purport to remedy the procedural defects identified in the previous Order (*cf.* ECF No. 17 at 1-2) or present

1

a change in fact or law warranting reconsideration. Instead, it simply reiterates O'Hara's now-twice-rejected theory that exclusive jurisdiction over this case lies with the Bankruptcy Court for the Southern District of New York. (*See id.* at 2 n.1.) Accordingly, the motion is DENIED. O'Hara is further admonished that the Court may impose sanctions pursuant to its inherent authority to police filings made "in bad faith, vexatiously, wantonly, or for oppressive reasons." (*Id.* at 3).

    The Clerk of the Court is directed to close the motion at ECF Nos. 18 and 19.

    SO ORDERED.

Dated: February 14, 2025
       New York, New York

                                              J. PAUL OETKEN
                                              United States District Judge